## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 17 2017, 8:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Denise A. Robinson
Senior Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samuel Jacob Fies, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 17, 2017 <br><br> Court of Appeals Case No. 45A05-1611-CR-2547 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Salvador Vasquez, Judge <br><br> Trial Court Cause No. 45G01-1609-FB-2 |

**Crone, Judge.**

# Case Summary

Samuel Jacob Fies appeals the five-year aggregate sentence imposed by the trial court following his guilty plea to one count of class C felony sexual misconduct with a minor and one count of class A misdemeanor inappropriate communication with a child. His sole contention on appeal is that his sentence is inappropriate in light of both the nature of the offenses and his character. Concluding that Fies has not met his burden of demonstrating that his sentence is inappropriate, we affirm.

# Facts and Procedural History

The relevant facts indicate that between May 2010 and October 2011, then thirty-two-year-old Fies served as a social studies teacher and track and cross country coach in the Highland school system. During September 2011, Fies was in a middle school classroom with fifteen-year-old student S.C., when he grabbed her breast and genitalia with the intent to arouse or to satisfy his or S.C.'s sexual desires.

Between December 2010 and October 2011, thirteen-year-old L.D. was a student at Highland Middle School. During that time, she came into contact and communicated with Fies through social media sites on the internet. During these communications, Fies discussed both general and specific acts of sexual activity with L.D., including asking L.D. to send pictures "up her dress" to him, and asking her to perform sexual acts on him and herself. Appellant's App. at 12. Fies engaged in these communications with the intent to gratify his

or L.D.'s sexual desires. At the time of the communications, Fies believed L.D. to be less than fourteen years of age.

[4] The State charged Fies with one count of class B felony sexual misconduct with a minor, one count of class C felony sexual misconduct with a minor, one count of class C felony child molesting, one count of class D felony criminal confinement, one count of class C felony child solicitation, and one count of class D felony attempted child seduction. On July 12, 2016, Fies pled guilty to one count of class C felony sexual misconduct with a minor and an amended charge of class A misdemeanor inappropriate communication with a child.[1] The remaining charges were dismissed. Pursuant to the plea agreement, sentencing was left to the trial court's discretion with the exception that the sentences imposed would be ordered served concurrently. Following a sentencing hearing, the trial court imposed a five-year sentence on the felony count to be served concurrently with a one-year sentence on the misdemeanor count, for a total executed sentence of five years. This appeal ensued.

## Discussion and Decision

[5] Fies claims that his sentence is inappropriate and invites this Court to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the

---

[1] *See* Ind. Code §§ 35-42-4-9 and 35-42-4-13.

nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. Our appellate review should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count. *Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012).

[6] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a class C felony is between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6. A person who commits a class A misdemeanor shall be imprisoned for a fixed term of not more than one year. Ind. Code § 35-50-3-2. Here, the trial court imposed concurrent sentences, resulting in an aggregate executed sentence of five years, which is only slightly

above the advisory sentence for a class C felony and well below the maximum allowable sentence.[2]

[7] Fies makes no argument that a sentence reduction is warranted based upon the nature of his offenses. Indeed, he concedes that his actions of touching S.C. and inappropriately communicating with L.D. with the intent to arouse or to satisfy/gratify his or his victims' sexual desires were "troubling" especially because "the two were students at the school where he was a teacher." Appellant's Br. at 14. However, he urges us to give more weight to the nature of his character and requests that we base our decision primarily on that element of the 7(B) analysis. *See Connor v. State*, 58 N.E.3d 215, 219 (Ind. Ct. App. 2016) (observing that appellate court must consider both elements of 7(B) analysis when determining whether sentence is inappropriate even if defendant essentially concedes that sentence imposed would be warranted if court only considered one prong). This is an "acceptable request for exercise of our review and revise power" as our 7(B) review is a "holistic approach" which requires an analysis of the overall sentence to determine if it is inappropriate. *Id*.

[8] Fies emphasizes his lack of criminal history, his decision to plead guilty, his gainful employment, his sincere remorse, his law-abiding behavior on pretrial release, and the letters of support from third parties as evidence of his good

---

[2] Fies erroneously and repeatedly states that the sentencing range for a class C felony is between two and six years, rather than between two and eight years, and asserts that his five-year sentence is "nearly the maximum permitted." Appellant's Br. at 14; Reply Br. at 5. This is simply incorrect.

character. We do not discount this evidence. Still, this evidence does not paint a complete picture of Fies's character. Instead, we agree with the trial court that his manipulative, opportunistic, and predatory behavior toward his young student victims "bodes against [his] character." Tr. at 90. Moreover, as we noted above, Fies five-year sentence is only slightly above the advisory sentence and well below the maximum for a class C felony of a very serious nature. Under the circumstances, Fies has not met his burden to persuade us that his five-year executed sentence is inappropriate in light of both the nature of his offenses and his character. Therefore, we affirm the sentence imposed by the trial court.

[9] Affirmed.

Riley, J., and Altice, J., concur.